**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:   Ericka Jarrell                              Case No.: 17-14121-MDC

　　　　　　　　　　　　　　　　　　　　　　Chapter: 13

　　Debtor(s)
**Chapter 13 Plan**

---

2nd Amended Plan – April 12, 2018

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS Plan MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4.  **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU**
**MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**
**NOTICE OF MEETING OF CREDITORS.**

| **Part 1:   Bankruptcy Rule 3015.1(c) Disclosures** |
|---|
| ☑ - **Plan** contains non-standard or additional provisions – see Part 9<br>☐ - Plan limits the amount of secured claim(s) based on value of collateral<br>☐ - Plan avoids a security interest or lien |
| **Part 2:   Payment and Length of Plan** |
| **§ 2(a)(1)   Initial Plan:**<br>　　**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $2,240.00<br>　　Debtor shall pay the Trustee $320.00 per month for 7 months; and<br>　　Debtor shall pay the Trustee $_____ per month for ____ months.<br>　☐ -  Other changes in the scheduled Plan payment are set forth in § 2(d)<br><br>**§ 2(a)(2)   Amended Plan:**<br>　　**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") is **$19,889.80**.<br>　　The Plan payments by Debtor shall consists of the total amount previously paid ($2,240.80) added to the new monthly Plan payments in the amount of $333.00 for 53 months beginning February 13, 2018.<br><br>　☐ -  Other changes in the scheduled Plan payments are set forth in § 2(d) |

**§ 2(b)** Debtor shall make Plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

    Sources are set forth in Debtor's Schedule I.

**§ 2(c)** Use of real property to satisfy Plan obligations:
    ☐ Sale of real property
      See § 7(c) below for detailed description

    ☐ Loan modification with respect to mortgage encumbering property:
      See § 7(d) below for detailed description

**§ 2(d)** Other information that may be important relating to the payment and length of Plan:

    None

**Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)**

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**
    ☐ **- None.** If "None" is checked, the rest of § 3(a) need not be completed.

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| U.S. Internal Revenue Service (Claim No. 2) | Taxes or Penalties owed to governmental units, 11 U.S.C. § 507(a)(8) | $874.71 |
| Chapter 13 Standing Trustee | Administrative Claim | Percentage fees will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent. |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**
    ☑ **- None.** If "None" is checked, the rest of § 3(b) need not be completed.

    ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This Plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Amount of claim to be paid |
|---|---|
| N/A | |

**Part 4: Secured Claims**

### § 4(a)  Curing Default and Maintaining Payments

☐ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Agency) (Claim for mortgage arrears) (Claim No. 6) | 62 W. Sharpnack Street. Philadelphia, PA  19119 | $746.13 per month or as adjusted periodically as provided by the terms of the mortgage and note. | $12,974.78 | 0.0% | $12,974.78 |
| City of Philadelphia Water Revenue Bureau (Claim for water/sewer arrears) (Claim No. 7) | 62 W. Sharpnack Street. Philadelphia, PA  19119 | As required per billing by creditor. | $3,793.02 | 0.0% | $3,793.02 |

**§ 4(b) Allowed Secured Claims to be Paid in Full:  Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim:**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

(1)  Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either**:** (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a) (5) (B) (ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| City of Philadelphia Water Revenue Bureau<br><br>(Claim for water/sewer judgment) (Claim No. 8) | 62 W. Sharpnack Street. Philadelphia, PA 19119 | $258.00 | 0% | $0.00 | **$258.00** |

**§ 4(c)  Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**
  ✔ **- None.** If "None" is checked, the rest of § 4(c) need not be completed.

   The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

   (1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

   (2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated Total Payments |
|---|---|---|---|---|
|  |  |  |  |  |

**§ 4(d) Surrender**
    ✔ **- None.** If "None" is checked, the rest of § 4(d) need not be completed.

    (1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

    (2) The automatic stay under 11 U.S.C. § 362(a) with respect to the secured property terminates upon confirmation of the Plan.

    (3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
|  |  |

**Part 5: Unsecured Claims**

**§ 5(a) Specifically Classified Unsecured Non-Priority Claims**
    ✔ **- None.** If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be paid |
|---|---|---|---|---|
|  |  |  |  |  |

**§ 5(b) Timely Filed General Unsecured Claims**

    (1) Liquidation Test *(check one box)*

        ✔ **-** All Debtor(s) property is claimed as exempt.

        ☐ Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4)

    (2) **Funding: § 5(b) claims to be paid as follows** *(check one box)*:

        ✔ **-** Pro rata
        ☐ 100%
        ☐ Other (Describe)

**Part 6: Executory Contracts & Unexpired Leases**

✓ **- None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|
| | | |

**Part 7: Other Provisions**

### § 7(a)  General Principles Applicable to The Plan

(1)  Vesting of Property of the Estate *(check one box)*

  ✓ **-** Upon confirmation

  ☐ **-** Upon discharge

(2)  Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3)  Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly  All other disbursements to creditors shall be made by the Trustee.

(4)  If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court

### § 7(b)  Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence

(1)  Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2)  Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3)  Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s).  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4)  If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

  (5)  If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

  (6)  **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**


**§ 7(c)  Sale of Real Property**
  ✓ **- None.**  If "None" is checked, the rest of § 7(c) need not be completed.

  (1)  Closing for the sale of _____ (the "Real Property") shall be completed within \_\_\_\_\_ months of the commencement of this bankruptcy case (the "Sale Deadline").  Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

  (2)  The Real Property will be marketed for sale in the following manner and on the following terms:

  (3)  Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser.  However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

  (4)  Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

  (5)  In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

**§ 7(d)  Loan Modification**

✔ **- None.** If "None" is checked, the rest of § 7(d) need not be completed.

(1)  Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender  in the amount of $_____ per month, which represents (*describe  basis of adequate protection payment*).  Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3)  If the modification is not approved by _____(date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 8:  Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1:**  Trustee Commissions*
**Level 2:**  Domestic Support Obligations
**Level 3:**  Adequate Protection Payments
**Level 4:**  Debtor's attorney's fees
**Level 5:**  Priority claims, pro rata
**Level 6:**  Secured claims, pro rata
**Level 7:**  Specially classified unsecured claims
**Level 8:**  General unsecured claims
**Level 9:**  Untimely filed general unsecured non-priority claims to which debtor has not objected

*_Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent._

**Part 9: Non Standard or Additional Plan Provisions**

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional Plan provisions placed elsewhere in the Plan are void.

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

☐ **None.** If "None" is checked, the rest of Part 9 need not be completed.

The following provisions are added to clarify or replace provisions in the form Plan and/or add provisions not provided for by the form Plan. The following provisions control over anything to the contrary set forth in the form Plan, above.

**§ 9(a) CONFIRMATION OF THIS PLAN WILL CONSTITUTE A FINDING AND ORDER THAT:**

(1) Late Proofs of Claims - Any proof of claim or amendment thereto filed by a creditor after confirmation of this Plan will be deemed untimely and shall be treated as disallowed;

(2) Refusal of Disbursements - In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

(3) Plan in Good Faith - The Plan constitutes the Debtor's best efforts under all the circumstances, and was proposed in good faith, and all of the Debtor's projected disposable income will be applied to payments under the Plan. Confirmation of this Plan shall also constitute a finding that the terms of the Plan, including extension of the life of the Plan beyond thirty-six (36) months, are essential to the success thereof. Absent the proposed reorganization, the Debtor would likely have to relinquish possession of his or her residence at a foreclosure sale, likely resulting in the catastrophic loss of the home and the failure of the bankruptcy.

(4) Secured Claims Provided for by Part 4 of the Plan - As to the secured claims provided for in this Plan, confirmation of this Plan shall constitute a finding that:

(a) The amount of the allowed secured claims are sufficient to cure any default or arrears that existed as of the date of the petition;
(b) The debtor is curing the arrears, if any, within a reasonable period of time; and
(c) The amount needed to pay any allowed secured claim(s) for arrears over the life of the Plan does not exceed the total payment on the claim(s) set forth above; and
(d) The amount needed to pay any allowed secured claim(s) over the life of the plan, to the extent any such claims are filed and allowed, does not exceed the total payment on such claims as provided for in this Plan.

(5) Discharge of Debts - Upon completion of the plan, all debts listed in the debtor's schedules, except those excepted by 11 U.S.C. § 1328(a) or as specifically provided for under this Plan, shall be discharged.

(6) Plan Amount Controls over Claim Amount - Notwithstanding § 9(b)2), above, the amount of a creditor's claim listed in Parts 3, 4 or 5 of the Plan controls over any contrary amounts listed in the creditor's proof of claim.

(7) <u>Unsecured Claims</u> – Notwithstanding anything to the contrary in Part 5, above, unsecured claims being paid pro rata are not guaranteed a distribution, but rather shall be paid only to the extent there are available estate funds after payment of priority and secured claims. If the instant estate were liquidated under Chapter 7 of the Bankruptcy Code, the allowed unsecured claimants would be paid $0.00. Under this Plan, the allowed unsecured claimants will receive not less than that amount.

(8) <u>Vesting of Property of the Estate</u> - Notwithstanding anything to the contrary in § 7(a)(1), above, the Debtor's residence, at the address set forth in the Debtor's chapter 13 petition, will vest in the Debtor upon discharge. Debtor will have the sole right to use and possess property of the estate during the course of the case. If this case is converted from a case under chapter 13 to a case under chapter 7, then such property as may revest in the Debtor upon conversion to chapter 7 shall so revest.

### § 9(b): SECURED CLAIMS NOT PROVIDED FOR IN PLAN:

(1) No payments shall be made by the trustee to the holders of these claims, whether or not the claims are filed and allowed. The holders of these claims shall retain any liens which they may have, unaffected by this plan. The claims shall not be discharged by the entry of a discharge order. The claims will be addressed by the Debtor outside the plan. These claims are expressly "not provided for" by this Plan within the meaning of 11 U.S.C. §§ 1325(a)(5) and 1328.

| Name of Creditor | Principal Balance of Claim | Description of Collateral |
|---|---|---|
| Pennsylvania Housing Finance Agency<br><br>(Claim for subordinate mortgage) | $3,000.00 | 62 W. Sharpnack Street, Philadelphia, PA 19119 |

### § 9(c) DISTRIBUTION TO CREDITORS:

(1) Section 7(a)(4), above shall not be interpreted as carving out or earmarking nonexempt litigation proceeds for the benefit of priority and general unsecured creditors. Notwithstanding anything set in § 7(a)(4), any such proceeds will be paid into the Plan as a special payment in addition to the regular monthly payments and distributed according to the distribution order established in Part 8 of this Plan and as required by 11 U.S.C. § 1325(a)(5).

### § 9(d) CLAIMS NOT WAIVED:

(1) Section 7(b)(6), above shall not be interpreted as a waiver of claims predicated on the <u>content</u> of any statements or coupon books sent as set forth in §§ 7(b)(4) and (5), as opposed to the mere act of <u>sending</u> such statements or coupon books. Notwithstanding anything set forth in § 7(b)(6), to the extent that the content of such statements or coupon books gives rise to a claim or defense under any applicable law or legal doctrine, such claims or defenses are not waived by Debtor.

Part 10: Signatures

Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan. Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked. Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID. By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date: April 12, 2018          /s/Peter D. Schneider
                              Attorney for Debtor(s)
                              Community Legal Services, Inc.
                              1424 Chestnut Street
                              Philadelphia, PA 19102
                              Tel: 215-981-3718
                              Fax: 215-981-0436
                              Email: pschneider@clsphila.org